## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack F. Ridgeway, Chairman
Military Affairs Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-5047
Re: Constitutionality of dele-
gation of authority to com-
missioners' courts as con-
tained in Senate Bill 253
and House Bill 623.

You have requested the opinion of this department as to the constitutionality of Senate Bill 253 and House Bill 623, companion bills now before the Legislature.

These bills are identical, except that the House Bill, as now written provides for a higher penalty than that provided in the Senate Bill. Omitting the caption and the emergency clause, we quote Senate Bill 253:

"Be it enacted by the Legislature of the State of Texas:

"SECTION 1. That for the purpose of this Act, any Army, Navy or Coast Guard Base, Camp, Station, Yard or Section Base shall be known as a Military establishment.

"SEC. 2. That the County Commissioners Courts having within the limits of said County any Military establishments are hereby author- ized to set up and create restricted Military Zones adjacent to such Military establishment.

"SEC. 3. That the limits of said Military Zones shall be set forth in the Minutes of said Courts; that appropriate signs shall be placed by all roads or passage-ways leading into said

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Zones showing that such Zones are restricted
areas. That such Zones shall not extend more
than one mile from the boundary lines of any
Military establishment.

"SEC. 4. That the Commissioners Court
shall be authorized to establish special regu-
lations for such Zones as to speed of motor ve-
hicles, parking, taking of pictures and other
doings of any other act that would be or tend
to be contrary to public interest and that would
interfere with the war efforts.

"SEC. 5. That in order to properly police
said Zones the Commissioners Court shall be au-
thorized to empower the civilian or military
guards at such Military establishments to en-
force the regulations established for such mili-
tary Zones.

"SEC. 6. That any person, association of
persons, firm or corporation who shall violate
any of the regulations prescribed for military
zones, shall be guilty of a misdemeanor, and
upon conviction shall be punished by a fine of
not less than One Hundred Dollars ($100.00) or
by imprisonment in the County Jail for not
less than ten (10) days, or more than two (2)
years."

We believe that these bills are violative of Arti-
cle I, Section 28, Article II, Section 1, and Article III,
Section 1 of the Constitution of Texas, and of Articles 1
and 3 of our Penal Code. These laws are set out in the quota-
tions which follow.

In Ex parte Faison, 93 Cr. R. 403; 248 S.W. 343,
the Court of Criminal Appeals held invalid a penal statute
prohibiting the operation of commercial motor vehicles upon
the public highways with loads in excess of a certain weight
or width, but empowering the State Highway Department to is-
sue special permits in writing to increase such weight or
width. Referring to the provisions of the statute conferring
such power upon the Highway Department the Court said:

"A casual reading of this quotation seems to make patent the fact that it is so obnoxious to section 28, art. 1, of our Constitution denying to the Legislature the right to delegate power to suspend a law, as to require no analysis. Said section of the Constitution in terms provides that no power of suspending laws in this State shall be exercised except by the Legislature. As this provision was in the Constitution prior to the adoption of the one now in force in this state, it read:

"'No power of suspending laws in this State shall be exercised except by the Legislature or its authority.'

"It will be observed that the words 'or its authority' are no longer a part of the fundamental law of our state, and as held by this court in Ex parte Coombs, 38 Tex. Cr. R. 648, 44 S. W. 854, and by the Supreme Court of this state in McDonald v. Denton, 63 Tex. Civ. App. 421, 132 S. W. 823, this repealed any authority to delegate its power theretofore existing in the Legislature."

In passing upon the constitutionality of a statute making the failure to erect fire escapes in conformance with specifications to be promulgated by the State Fire Marshall a penal offense, the same court said (Dockery v. State, 93 Cr. R. 220; 247 S. W. 508):

"The meat of this law is not to compel one to have a fire escape, but that all must have them built according to specifications which are not written in the law, but which must be prepared and published by another than the lawmaking body.

"Section 28, art. 1, of our Constitution, forbids the delegation of lawmaking power by the Legislature. We discussed this at some length in Ex parte Adlof, 86 Tex. Cr. R. 13, 215 S. W. 222. If the act under discussion be upheld, it would seem clear that the law requiring fire

Honorable Jack F. Ridgeway, page 4

escapes would be such as that the essential part
of it, i.e. the kind and character of specifica-
tions necessary, might be changed, modified, add-
ed to, or taken from by a power other than the
Legislature, at the will, wish, or whim of such
foreign power.  In deed, if the fire marshall de-
clined to promulgate specifications it might be
that the entire law would be rendered futile.
The statement of the case seems to make self-
evident the proposition that the law under dis-
cussion is an attempt to delegate to the state
fire marshal the power to so make, unmake, or
change the element necessary to give effect to
this statute, as to render the act obnoxious to
the Constitution."

Section 1 of Article II of the Constitution declares:

"The powers of the Government of the State
of Texas shall be divided into three distinct
departments, each of which shall be confided
to a separate body of magistracy, to-wit: Those
which are Legislative to one; those which are
Executive to another, and those which are Judi-
cial to another; and no person, or collection
of persons, being of one of those departments,
shall exercise any power properly attached to
either of the others, except in the instances
herein expressly permitted."

In Stephenson v. Wood, 35 S. W. (2d) 794, the Galves-
ton Court of Civil Appeals, passing upon the validity of a stat-
ute attempting to confer legislative authority upon the Game,
Fish and Oyster Commission, said:

"Appellants insist that the attempt on the
part of the Legislature to confer upon the com-
missioners authority to determine when and un-
der what circumstances and conditions the pos-
session of seines, nets, and trawls on the waters
mentioned shall constitute a penal offense, is
in violation of article 3, section 1 of the Con-
stitution of this state, which expressly provides
that the legislation of this state shall be vest-
ed in the Legislature of the state, and is there-
fore void and unenforceable.

"This contention of appellants should be sustained. That the Legislature has no power to confer upon a commission, bureau, or agent of the state the power to make a law is well settled in this state, not only by the provisions of article 3, § 1, of the Constitution but by the uniform opinions of our courts. Article 3, § 1, State Constitution; Ex parte Leslie, 87 Tex. Cr. R. 476, 223 S.W. 227, 229; Jannin v. State, 42 Tex. Cr. R. 631, 51 S.W. 1126; 62 S.W. 419, 53 A.L.R. 349, 96 Am. St. Rep. 821; Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 12 A.L.R. 1116; Ex parte Mitchell, 109 Tex. 11, 177 S.W. 953; State v. Swisher, 17 Tex. 441; Crossman v. Galveston, 112 Tex. 303, 247 S.W. 810, 26 A.L.R. 1210."

In Ex parte Leslie, 87 Cr. R. 476; 223 S.W. 227, the Court of Criminal Appeals said:

"The power to make laws is placed by the people, through the Constitution, upon the Legislature. The rights of individuals are guarded by restrictions touching the enactment and publication of laws, and the privilege is afforded of presenting by petition or appearance before the legislative committees opposition to proposed enactments affecting the property or the liberty of the citizen. A completed law, if penal in its effect, must define the act or omission denounced as criminal with some degree of certainty. Penal Code, art. 6; Augustine v. State, 41 Tex. Cr. R. 59; 52 S.W. 77, 96 Am. St. Rep. 765; Bogdell v. State, 81 Tex. Cr. R. 66; 193 S.W. 675; Griffin v. State, 218 S.W. 494; Railway v. State, 100 Tex. 420, 100 S.W. 766. . . . In conferring upon an instrument of government, such as the live stock sanitary commission, the power to make rules, the nonobservance of which constitutes a criminal offense, it is deemed necessary that the Legislature define the power and place limitations upon the authority to promulgate rules, to the end that they may not be lacking in the essential elements of a law denouncing an offense."

Again, in Ex parte Wilmoth, 67 S. W. (2d) 289, the same Court said:

"Counsel for the city have referred this court to many judicial decisions of the federal and state courts in support of the contention that the ordinance in question does not offend against the general rule which declares that the power to make laws is a function of the lawmaking body and that such power cannot be delegated to others. The cases cited relate to matters of a civil nature, and are therefore not available as precedents in regard to a penal offense. Such of the cases cited which apparently sustain the delegation of power are from the federal court, in which the rule has been relaxed to some degree in accord with the announcement of the Supreme Court of the United States in Wayman v. Southard, 10 Wheat. 1, 42, 6 L. Ed. 262, . . .

"The relaxed interpretation of the rule has not been followed under any of the statutes or decisions in this state, particularly in their application to the penal laws. The statutes applicable are the following:

"'The design of enacting this Code is to define in plain language every offense against the laws of this State, and affix to each offense its proper punishment.' Article 1, P.C.

"'In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State.' Article 3, P. C.

It will be observed that the bills here under consideration attempt to confer upon commissioners' courts the power to make, change and suspend the law, to confer upon them

legislative powers, and to affix a penalty to acts which are not made penal offenses and defined in plain language by the criminal law of this State.

For the reasons stated, it is our opinion that said Senate Bill No. 253 and said House Bill No. 623 are unconstitutional.

In view of our opinion as to the constitutionality of the bills as a whole, it becomes unnecessary to pass upon the constitutionality of Sections 5 of the bills.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 26, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

By

W. R. Allen
Assistant

WRA:db

